24-8068 United States v. Sitting Eagle. Counsel Corpellin, if you'll make your appearance and proceed. May it please the court, my name is Kathleen Lord and I represent Candace Sitting Eagle. I asked for oral argument in this case because the cumulative effect of all the errors in the case truly deprived Ms. Sitting Eagle of a fair opportunity to testify and to present her defense. I'd first like to address the issue which is rather straightforward the first issue raised which is the failure to give a lesser offense instruction. The applicable law is clear and there's really no dispute as to the applicable law. What's in dispute in this case is how to apply the applicable law. Basically if the evidence supports giving a lesser included offense instruction the court must give it. Sometimes this test is articulated as a four-part test and when it is there are only two parts that are disputed in this case by the government. Whether there was a dispute as to the elements that differentiate the greater offense from the lesser offense and whether the jury could rationally acquit Ms. Sitting Eagle of the greater offense. Oh, here Ms. Sitting Eagle has made a blanket denial. It's not that I didn't hit you hard enough to cause serious bodily harm and it's not that I didn't use a weapon to hit you it's that I did not hit at all. Doesn't that preclude a jury from finding the the simple assault argument? There's there's no evidence from which they could find the lesser included offense. Well when you look at all the evidence that was introduced at trial there certainly is evidence that would support simple assault. The court should keep in mind that that the assault charged both in count two and count four spanned a six-week period. MV testified to multiple assaults some of which qualify as simple assault some of which would qualify as assault with a dangerous weapon and so on. The jury did not have to believe any or all of what MV testified to nor did they have to believe everything that Ms. Sitting Eagle testified to. I think sometimes when sometimes when a defendant denies the act or the mens rea there may be no dispute but this isn't that case. You have to look at all the evidence not just what the defendant testified to and I think when you look at cases like Pacheco for example which I think is one of the major cases in this area they recognize that just because a defendant denies in that case it was a possession of the question was whether the jury should be instructed on possession it as a lesser to distribution and the defendant denied even knowing about the drugs so there was no evidence from him there was no evidence that he knew about the drugs the only evidence about the drugs was the quantity was so large it wouldn't support possession so the Pacheco court expressly recognized that just because the defendant denies the act that in and of itself does not preclude giving the lesser offense instruction. Counsel so is it your position that the jury rationally could have heard the testimony of MV and said well we believe him when he said that Ms. Sitting Eagle hit him with sticks but we don't believe him when he said that she walked up and kneed him in their groin even though the medical evidence suggested injuries from both of those You know there's no doubt that Ms. Truman Sitting Eagle abused the child and in a case like this I mean it's really difficult to get a fair trial in the best of circumstances because of the nature of the charge. Part of Ms. Sitting Eagles defense was that the child MV was not being truthful that he had a motive to want to get out of the home and you instructed that they don't have to believe everything a witness says so under the law absolutely and the the government didn't charge and the jury wasn't instructed that they had to find that Ms. Sitting Eagle kicked her son in the groin that wasn't the charge they just had to find assault causing serious bodily injury and not only did Ms. Sitting Eagle deny the assault she denied an assault causing serious bodily injury she denied an assault using a dangerous weapon but that's you don't just look at her testimony and that when when you read the case law like the cases cited by the prosecution I think there's an unpublished case and there's Bruce I think as well those cases are cases where there is no evidentiary support in the entire record for the offense and that's not our case that's what distinguishes this case but what supported the defendant's testimony that as Judge McHugh said she gave a blanket denial the only cooperating evidence that I'm aware of from the record was I think her mother who said she came around this time and then also her longtime friend who stayed there but both of those witness corroborated her blanket denial not you know this parsing out that MV's telling truths about certain assaults but not others right well just to trial you put all the elements in dispute first of all did they I don't know if I'm articulating this as well as I need to they the defense doesn't have to specifically dispute a particular element when you look at the entire evidentiary background of the case and it's not there there the evidence would support either an acquittal or a conviction of the greater that's and I know there's some language that suggests and I think it's used by the government but that's not the real essence of whether you get a lesser included offense is whether there's evidentiary support for it and whether they're I'm sorry good judgment you well here she can test for example that he wasn't assaulted with dangerous weapons she her defense was I wasn't the one who assaulted him with dangerous weapons and she didn't contest that he suffered serious bodily injury she said I never caused serious bodily injury right so her defense was a complete blanket denial of any assault at all well when I I agreed that that was her testimony but her testimony doesn't have to be accepted 100% by the jury nor does the victims and there is evidence of simple assault in this case there's and when you speak yeah when you speak of two things I'd like to ask miss Lord I I mean I I think I understand the position particularly as it was laid out in your reply brief on this notion of sort of whether the jury could have cobbled together pieces of our testimony from both sides I mean but what I would ask though is ultimately the test still is going to be whether a rational jury could have convicted of the lesser offense and if you have the blanket denial that doesn't stand alone for judge Federico's point it's not like it's out there alone I mean there was actually support for the blanket denial and then you combine that with the next question I'm going to ask you is how much evidence do you have that speaks to just simple assault when you combine those two it seems to me that you have a hard time saying that a rational jury even if they did this assembling exercise that you talk about would have been able to convict of simple assault well there's evidence that and I there's evidence of unspecified hitting and bruising there's evidence of and this is from envy obviously evidence of striking him with a belt you know at the outset when he was asked whether he was hit or struck by either Truman or Candace he said I don't recall obviously there was subsequent testimony that he accused Candace of assaulting him with an object and causing serious bodily injury but the jury could reject they could reject the notion that this mother kicked her child in the groin so hard that she caused serious bodily injury while still accepting other parts of MV's testimony that well that's why I'm asking you and when you speak about unspecified allegations of hitting and bruising that's not you know that's not evidence I mean that that's that's not that's the cut which goes to the question of what a rational jury and undertaking this this cobbling cobbling together of evidence that you allude to be able to find enough to convict her and if all they if they if standing alone you had unspecified well she hit me and I was bruised I mean I think that a defense lawyer would have a heart I mean a good the government would have a hard time convicting her of simple assault right not within these testimony and I you know I don't I don't see it as cobbling together I see it as the jury looking at all the evidence and seeing that there's definitely evidence of simple assault from MV you know he talks about being hit with hands he talks about being hit with a belt he talks about that being done by them you know by Truman and by Candace he also is very specific about the horrible accusation about being need in the groin and the subsequent injury but the jury doesn't have to accept that and they never found that we don't know what well what it what is it but what is it but not cobbling together when you're asking the jury to take a portion of his testimony say I reject this part I take this part I take I reject the fact that she did not that she did not assault her blanket denial I reject that but I support the idea that she may have assaulted him enough to satisfy the assault conviction so in fact the jury is being asked to undertake this amalgamation process right I'm not saying that it's a pejorative I'm saying that it seems to me that's the underlying part of your argument right and that's absolutely the jury's right to do I mean that's what we have the jury for you know I think all of us could review the record and have different reactions to what we think happened but we're not 12 jurors we're not they're looking at the witnesses and deciding which parts of their testimony to believe I think one way of looking at this which is assists in the analysis is what if miss sitting Eagle had not testified at all all right what if you take away her testimony all right would she have been entitled to the lesser included offense under my argument yes she would because MV testified both the simple assaults and to I'll call them aggravated assaults let's take that let's take let's take that hypothetical and let's assume she did not testify and and and you still why would it be the case that if she had if there were two witnesses who came in and said that she that I don't have any evidence that that she would have assaulted them even if she decided not to testify why would you not still be in the same box that you've got to have a rational jury find that there's enough to support an assault and if all you have is unspecified hitting and bruising note there are two actors who could have been doing the hitting and bruising as you pointed out the them why is that why would that be enough for a rational jury to convict her of assault well I'll to try and make my point I'll go one step farther imagine she presents no evidence other than cross-examination okay okay and in that in that case MV has testified to a spectrum of assault the jury is not required to find any specific assault they're just required to find the chart that what I mean is they don't have to find that Miss Sitting Eagle need person they don't have to find that that's not part of the charge that's not part of the so in that event the jury could find we are not convinced we know something happened he said we'll accept simple assault but we are not convinced that it was an aggravated assault and under those circumstances that's exactly why she was entitled to a lesser included defense and that is exactly why we go ahead just be cute well I mean there's no situation where the jury could not a reasonable jury would have to find based on the evidence here that there was some aggravated assault that occurred right I mean we've got medical evidence with the injury to the child yes the question being was it she who caused that injury or was any assault behavior on her part testified to by MV just simple assault yeah I mean I don't understand why I mean they charged the aggravated assault I mean she might have done both right I don't know we don't yeah I mean I don't understand why where she's made a blanket denial on the aggravated assault the jury could rationally say well she did participate in the assaults that resulted in these injuries or use these weapons but it was only somehow a non aggravated assault well she either participated or she didn't and her argument was she didn't and they didn't believe it I think may I respond I'm sorry I know we're of course please go you know she has a right to present a defense and that doesn't mean that she's precluded from having the jury decide the degree of her culpability and that's when and and I would really cite the court to Pacheco because I think they deal with this exact situation where there's like an outright denial of even knowing that the drugs are there but in light of all the evidence presented at trial there was enough to require the lesser included offense there it's the opposite actually because of all the other evidence there was no evidence of the lesser included but MV provides the evidence of the lesser included thank you Thank You counsel please proceed warning your honors may it please the court my name is Cameron cook and I represent the government in this case here to answer any questions and explain why the district court got this case right jumping right into the US for included defense issue there simply was no evidence of just a simple assault occurring and be testified that the defendant need him in the groin and he suffered a tremendous amount of pain from that then there was the medical evidence of a ruptured testicle that was removed for surgery to avoid infection and be testified that the defendant and Truman hit him with metal and wooden sticks and then and be also testified he was hit by the defendant and Truman with their hands so there was a serious bodily injury saw the dangerous weapon with intent to cause bodily injury and then assault by striking meaning wounding would be the hitting by the hands but there was no evidence that there was ever a simple salt just by itself the defendant has been noted denied that she ever assaulted and be and then she never put on any other evidence or contested on cross or in her closing that the ruptured testicle wasn't serious bodily injury that the sticks shown in evidence were not for blunt objects metal rods that they were not dangerous weapons in the way they were used or that she assaulted him but just without intent to cause bodily injury what do you do well I don't know oh sorry no good your honor I do I think the is a strong case for us actually you know to me I think the point the defense is trying to make is that a defendant's entitled to a lesser included even if it's inconsistent with the defense they give as long as there's evidence to support it but if you look at the Chaco and I think that case as well as Bruce and McIntosh they all stand for the proposition that there needs to be evidence disputing the elements for the lesser included to be given so in that case it was a drug case there was about 28 grams of lead methamphetamine found it was in baggies and house there was a law enforcement officer who testified he would find it hard to believe that the meth that the drugs would be for personal use there's also a drug dealer who testified he said it's likely not personal use based on the packaging and then defendant himself testified denied all knowledge of the drugs being in the room he did say he was a drug user but still the court found that all the evidence mitigated in favor of intent distribute and so the court found that it was proper to not give a lesser included of some possession and I think looking at burns actually this is a good comparison for what we have let's stop there for a minute because if you couldn't get instruction you were entitled to instruction on simple possession but his position was I didn't even know the methamphetamine was there at all isn't that a blanket denial like what we have here it is your honor and that's why I think the check goes a strong case and is on point for the situation here and why what the district court did was proper is it what you keep what well the defendant has indicated that there was evidence of simple assault and and that's what I want to focus on for a second I mean and the two that were examples that were pointed out what were the evidence of just the with the belt and and I'm not saying just in the sense that I don't think that's significant but just the whipping of the belt and then the fact that there was bruising on the defendant and and and could not the question would be could a jury infer from that that that in some instances there was simple assault even even if the the jury might believe that well the jury could believe that there other things but couldn't they believe that and then just discount the more egregious instances and that were alleged in the indictment no your honor because that would be you know those separate bruises and separate hitting incidents that would be assault by striking beating wounding which is not a lesser included offense the evidence of the serious bodily injury just to take that count was the ruptured testicle from being need and there was no evidence contesting either that was a serious bodily injury injury nothing cross-examining the doctor about the significance of that injury so no I don't think that evidence would allow a jury to conclude that there was a simple assault there simple salt in the case laws and attempt a willful attempt to injure or it's a threat coupled with the present building to do so there's no evidence of the defendant doing that in this case there was evidence of hitting just with their hands but nothing like a simple salt has this defined and again the specific what was argued to the jury being hit with sticks I was attempt to harm and be and being need in the groin ruptures testicle those specific instances were never challenged in terms of dangerous weapons intent to do harm or serious bodily injury counsel miss Lord argued that even had Miss City Eagle not testified or had she presented no evidence at all that she still would be entitled to the lesser included offense instruction so that to me brings up the distinction between affirmatively pressing evidence versus challenging the government's evidence so what's your view of the argument made by miss Lord about her not really needing to present or put forward her own evidence your honor if if all the cross and argument was the same except the defendants defendant presented no case I think the correct result here was still to not get the lesser included because again there would be no evidence of a justice in full salt I think the fact that the defendant testified and put on evidence of the blanket denial that she never assaulted him at all just makes it even stronger that the district court did not abuse its discretion if you look at the case law I think in it's um Bruce I think deals with that and even you know it concedes that's the point error case but it even seemed to allow putting elements in play just by cross so I mean even if there was an attempt to do it even half-heartedly that could open up the door to the lesser included but here there was none of that not even an attempt to show that the elements were in dispute if I could turn to burn your honor because I think this is actually helpful that's an older case from the 10th circuit where basically the charge of possession was possession with the pitch distributed controlled substance and it seems like most the government's evidence was just the fact that there was a lump of drugs in a bag with a scale there the court found it was an abuse of discretion to refuse the lesser included defense of simple possession because the jury could infer the drugs were meant to be distributed or the jury could not infer that so that is a difference here because there is no way to infer jury to infer a simple salt and curlicue drug case they could infer a certain amount of drugs were intended to be possessed but that's just not the case with an assault we have specific acts that that MV testified the defendant did and there's frankly no way for the jury just to speculate about you know other acts that may have occurred also that would be improper although there was also testimony of just hitting with the hands right yes your honor I mean could that be simple salt I think that's assault by striking beating and wounding I think if you just look at it by itself but then I would go back to what the government actually argued and the evidence presented well wait you didn't finish your sentence if you if you looked at that on its own what were you gonna say that would be a salt by striking beating and wounding just for hitting with the hands and would that be a simple salt or would that be aggravated assault that would not be simple salt it would be assault by striking beating or wounding because simple salt doesn't require physical contacts but assault by striking wounding does but I think when you look at it though when you look at actual elements in dispute it's what the government argued at trial which was the knee in the groin and the sticks those were that was a substance of the charge and that was never contested and so I understood you say that the simple the assault by striking beating and wounding was is not a lesser included of the offenses that we have here right that's correct your honor and there's 10 circuit precedent on that we cited in our brief I'm forgetting the case name but that's been decided yes do you agree that there that the if you're conceiving it as the four-part test that that the the latter two parts of the test are the ones that are at issue here the so-called Fitzgerald test yes your honor okay and turning that fourth part we mostly talking about the third part the final part of that test is that a rational jury could acquit of the greater offense and convict of the lesser here a rational jury could not do that that would require two things one the jury just ignoring the defense and the government's case again because there was no simple salt from either side and then seconds it would require the jury to speculate about a simple salt which there was no evidence of so maybe the defendants you know threatened to punch and be at one point but didn't actually do it you know there's no evidence of that happening you know be improper for the jury to speculate the district court think was right did not abuse its discretion and refusing that lesser included offense for these two counts counsel can I ask you about a different issue that was raised by the appellant and that is the what I'll call the word were they lying questions that were asked on cross-examination what is your view as to whether or not that's been preserved and I know your viewpoint on whether it's preserved the trial level but what about whether it's properly before us or it's been waived on appeal your honor I mean candidly the defense the way they grouped their arguments was plain error for these cumulative errors I don't think they went specifically for each issue to do that so you know I don't want to I don't want to give a position opposite to what I did in the briefing I think it is plain error regardless of whether this court considers it waived we addressed it fully I think if you look to Kepler and Burgess I know this is getting beyond your question but this is not a close call on this issue we have recent tense rate of precedence saying it's not playing here to ask these questions and so I you know I don't think there's there's a lot there in that issue if there are no other questions I guess I'd like to just address the cumulative error issue which was raised briefly by the defense this was a strong case just so you could briefly go over it MV testified about specific acts of the defendant did to him causing these injuries this testimony was corroborated by the medical evidence it was corroborated by physical evidence found in the home during a search warrant his window was nailed shut there was a lock on the door there was zip ties found in the house and be testified about specific items found in the house used to hit him and then there was evidence from law enforcement basically showing the defendant trying to hide and these whereabouts and cover up what happened to him so the government asserts that there were no errors in this case but even if there were these all were minor and defendant was able to testify and present a full case and the evidence were guilty strong and nothing here warrants reversal if there are no other questions your honor I would ask the court to affirm I hear none so I think the case is submitted thank you I appreciate your arguments counsel